UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In Re:                                                                        Case No.: 8-09-71298-ast

JAMES SPINA,                                                          Chapter 7

                                                      Debtor.

---------------------------------------------------------------x

**APPEARANCES:**

Richard F. Artura, Esq.
Phillips, Weiner, Artura & Cox
165 South Wellwood Avenue
Lindenhurst, New York 11757

Kenneth Kirschenbaum, Esq.
Kirschenbaum & Kirschenbaum
200 Garden City Plaza - Suite 500
Garden City, New York 11530

<u>**MEMORANDUM OPINION REGARDING
TURNOVER OF TAX REFUND**</u>

<u>**Issues Before the Court and Summary of Decision**</u>

Pending before the Court is the Motion to Turnover Property Under Section 521(a)(4)

("Motion") filed by the chapter 7 Trustee Kenneth Kirschenbaum ("Trustee").  At issue are

refunds of prepetition federal and state income taxes paid by Debtor and his non-debtor spouse.

The aggregate amount of the refunds is $8,136.00.  The Trustee has requested that this Court

direct the Debtor to turn over $5,636.00 as the nonexempt portion of the tax refunds. Debtor

asserts that his non-debtor spouse is entitled to half of the refunds, and that the amount of the

refunds to which the Trustee is entitled is one half of $8,136.00 less the $2,500.00 exemption

allowable to Debtor, for a total amount to be turned over of $1,568.00.

For the reasons herein, but not for the reasons argued by either side, the Court agrees

with Debtor.

**Jurisdiction**

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (E) and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

**Procedural History**

On February 28, 2009, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("Petition Date"). Debtor filed, *inter alia*, his Schedules and Statement of Financial Affairs ("SOFA"). [dkt item 1]  In his Schedule B, Debtor disclosed an "Anticipated Tax Refund" in the amount of $5,500.00, which he listed as jointly owned with his wife.  In his Schedule C, Debtor then claimed an exemption in $2,500.00 of the anticipated refund, pursuant to New York Debtor and Creditor Law Section 283. N.Y. DEBT. & CRED. LAW § 283 (McKinney 2009).  The tax refunds arise from tax returns filed for year 2008, which returns were filed and for which the associated taxes were paid prior to the Petition Date.

On May 18, 2009, the Trustee filed the Motion. [dkt item 18]

On May 22, 2009, the Debtor filed his Opposition to the Motion, in which he states that "he earns 100% of the family income." [dkt item 19]

On June 16, 2009, the Trustee filed a Reply. [dkt item 23]

This Court held a hearing on the Motion on June 23, 2009.  At the hearing, the parties agreed that, although the issue of refunds of prepetition taxes has been raised in prior cases before this Court, and opinions on this issue have been written in other districts, this is an issue of first impression because there are no published opinions from the Eastern District of New York or binding decisions from the Second Circuit Court of Appeals.  The parties also agreed that the facts are not in controversy as to which spouse is and has been the wage earner at all

Page 2

times relevant to the Motion, and agreed that this matter could be resolved on submissions, without an evidentiary hearing.

The Court directed the parties to submit briefing and supplemental submissions focusing on the applicability of the 50/50 ownership rule, as described *infra*. Any additional briefing and evidence was to be submitted to the Court by July 1, 2009, at which time this matter would be deemed under submission.

On June 26, 2009, Debtor filed a post-hearing submission. [dkt item 25] That submission provides, in pertinent part, as follows:

> My wife, Madeline Spina, and I have a joint personal checking account with Capital One Bank. See attached statement.
>
> Madeline Spina and I have been married for twelve (12) years and are the parents of five year old twins. We own our house together, we file joint income tax returns, share our cars, and in all respect have combined household income and expenses with me being the wage earner and my wife being the homemaker.

[dkt item 25, ¶¶ 2,3]

The Trustee did not file additional briefing or submissions.

## Legal Analysis

This Court must determine how to allocate refunds of income taxes paid prior to the petition date as between a debtor and a non-debtor spouse. The Trustee is entitled to turn over of the debtor's non-exempt portion of the tax refunds, but not to the non-debtor spouse's portion, as the non-debtor's portion is not property of the bankruptcy estate. The Trustee asserts that the tax refunds are property of the estate under Section 541 of the Bankruptcy Code, and that the Debtor is obligated to turn over the full amount, less any allowable exemption, under Sections 521 and 541. The Debtor asserts that his non-debtor spouse is entitled to half of the refunds, and that this Court should adopt the presumptive "50/50 ownership rule" ("50/50 Rule") discussed in *In re*

*Marciano,* 372 B.R. 211 (Bankr. S.D.N.Y. 2007), and limit the estate's interest to one-half of the refund, less the Debtor's $2,500.00 exempt portion.

When, as here, a debtor and non-debtor spouse file joint tax returns, and the debtor earns the substantial portion or even the entirety of the married couple's taxable income, there is a split of authority among bankruptcy courts regarding how to allocate the refund as between the spouses, and, therefore, as between the estate and the non-debtor spouse. As discussed below, three different lines of cases have developed on this issue. However, the analysis in all of these cases begins with Section 541(a)(1) of the Bankruptcy Code, which broadly defines property of the estate as, "all legal and equitable interests of the debtor in property as of the commencement" of the bankruptcy proceedings. 11 U.S.C. § 541(a)(1). Under Section 541(a)(1), "a tax refund that is received post-petition is property of the estate if it is attributable to wages earned and withholding payments made during prepetition years." *Carlson v. Moratzka (In re Carlson)*, 394 B.R. 491, 493 (8th Cir. B.A.P. 2008) (citing *In re Benn,* 491 F.3d 811, 813 (8th Cir. 2007)).[1]

The three lines of analysis which have developed are referred to as: the withholding rule; the income rule; and the 50/50 Rule referenced above. Each of these approaches analyzes Section 541(a), and also looks to applicable state law to determine how the tax refund would be apportioned between the spouses outside of bankruptcy.

The majority of courts follows the withholding rule, which, as the Eighth Circuit's Bankruptcy Appellate Panel stated in *Carlson,* "allocates the joint tax refund between the spouses in proportion to their respective tax withholding." *In re Carlson*, 394 B.R. at 494(citing *In re Kleinfeldt*, 287 B.R. 291, 292 (10th Cir. B.A.P. 2002)). According to the withholding rule,

---

[1] The Bankruptcy Code also includes as property of the bankruptcy estate, "all interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is under the sole, equal, or joint management and control of the debtor." 11 U.S.C. § 541(a)(2)(a). However, because New York is not a community property state, this opinion does not address any possible issues arising under § 541(a)(2)(a).

a non-debtor spouse may have been employed but not have generated any withheld taxes, and, therefore, would have no right to any withheld taxes which are repaid to the taxpayer. *In re Kleinfeldt*, 287 B.R. at 293.

In comparison, the income approach divides the refund according to the income generated by each spouse. *In re Carlson*, 394 B.R. at 494. This view, also known as the "Proportionate Income Rule," allocates the tax refund as a direct percentage of the earnings of the spouses.

The third approach, the 50/50 Rule, represents the minority view, and has been followed by the bankruptcy courts in both the Southern and Western Districts of New York. *See*, *e.g*., *In re Marciano*, 372 B.R. 211 (Bankr. S.D.N.Y. 2007); *In re Barrow*, 306 B.R. 28 (Bankr. W.D.N.Y. 2004). The 50/50 Rule applies New York state matrimonial law to first establish each spouse's rights to marital property, and then considers what the division of marital property, such as a tax refund, would be in a divorce proceeding. The 50/50 Rule creates a rebuttable presumption that each spouse contributed equally to the household, including nonmonetary contributions, and, therefore, the refund should be divided equally between the spouses. This presumption exists regardless of the taxable earnings of the spouses, and regardless of the source of the taxable income or tax withholding. As noted, however, the 50/50 rule creates a "rebuttable presumption of equal ownership to any joint tax refund." *In re Marciano*, 372 B.R. at 214 (citing *In re Barrow*, 306 B.R. at 31). To overcome the presumption, evidence must be presented that the "couple's 'present conduct or history of financial management' suggests separate financial affairs." *Id*.

To depart from the presumption of equal ownership, a court following the 50/50 Rule would analyze several factors from a married couple's history of financial management, which may include:

> Whether the monthly bills of the debtors' are paid out of joint accounts; Whether the debtor considers the responsibility for paying the household bills to be a joint responsibility; Whether the accounts of the debtor and non-debtor spouse have always been held jointly; Whether the debtor and non-debtor spouse have ever held individual accounts at any point during the marriage; Whether both husband and wife have equal access to funds in accounts; Whether their joint tax refunds have always been deposited into joint checking accounts with both debtors having full access to the funds; and the purpose or use to which the tax refunds have traditionally been applied (e.g., for household expenses or educational expenses for their children).

*In re Hejmowski,* 296 B.R. 645, 650 (Bankr. W.D.N.Y. 2003); *see also Marciano*, 372 B.R. at 217 (utilizing these factors to determine that the debtor's course of conduct with regard to the marital assets did not overcome the 50/50 Rule presumption); *In re Barrow*, 306 B.R. at 31(using the same analysis to determine the refund should be divided equally).

Both the *Marciano* and *Barrow* courts referred to New York matrimonial law for guidance.  Under Section 236 of the New York Domestic Relations Law, any property acquired during a marriage is owned equally by the spouses in an "economic partnership," and is thus available for equitable distribution upon dissolution of the union.  N.Y. DOM. REL. LAW § 236 (McKinney 2009); *see also Musso v. Ostashko,* 468 F.3d 99, 102 (2d. Cir. 2006); *Marciano*, 372 B.R. at 215.  Under New York law, "as a general rule, the refund on a joint tax return is a joint asset that spouses own 'in equal shares'. . . [and u]nder the current tax code, [a court] simply cannot assume that any refund represents income for one spouse or the other."  *Marciano*, 372 B.R.  at 216 (quoting *Barrow*, 306 B.R. at 31).  Consequently, under the 50/50 Rule, "an income

tax refund should be split equally between spouses for purposes of allocating property of the estate pursuant to 11 U.S.C. § 541." *Marciano,* 372 B.R. at 216.

### A Different Approach to the Division of Tax Refunds

This Court has determined that a different approach should be taken to the tax refund analysis which harmonizes applicable tax, bankruptcy, and state marital property law.  In this Court's view, spouses filing joint returns who equally share the liability for payment of the taxes should equally share the benefit of any tax refund.

This Court begins its analysis with Section 6013 of Title 26 of the United States Code, the Internal Revenue Code ("IRC"), which governs the filing of joint tax returns:

> 6013. Joint returns of income tax by husband and wife:
>
> (a) Joint returns.—A husband and wife may make a single return jointly of income taxes under subtitle A, **even though one of the spouses has neither gross income nor deductions**[.]

26 U.S.C. § 6013(a)(emphasis supplied).   When spouses file a joint return, subsection (d)(3) of Section 6013 creates joint and several liability for the taxes due.[2]  Married couples who decide to file jointly may do so for any number of reasons, including receiving the economic value of any tax benefits derived from filing jointly.

The IRC does provide statutory relief from the joint and several liability provision of Section 6013(d)(3).  A spouse may be relieved from liability under procedures established for what has come to be referred to as the innocent spouse exception, as established under Section

---

[2] Specifically, the subsection provides:
    (d) Special rules.—For purposes of this section–
    (3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several.
26 U.S.C.A. § 6013(d)(3).

6015(b).[3]  In addition, taxpayers who are no longer married or are legally separated may apply

for relief under Section 6015(c). *Compare Shafman v. U.S. Dep't of the Treasury (In re*

*Shafman)*, 267 B.R. 709, 714-717 (Bankr. N.D. W. Va. 2001)(finding that debtor seeking

determination of  dischargeability of income tax liability did not qualify for innocent spouse

relief under Section 6015(b), but she did qualify for limited liability under Section 6015(c)), *with*

*In re Hinckley*, 256 B.R. 814 (Bankr. M.D. Fla. 2000)(finding the debtor-wife entitled to

"innocent spouse" relief from liability for a joint tax debt arising from a jointly filed return, on

theory that she had been "coerced" into signing returns that failed to report certain  pension

benefits as income).

     Federal tax courts addressing joint and several tax liability under the IRC often consider

the innocent spouse exception. *See, e.g., Nihiser v. C.I.R.*, T.C. Memo 2008-135, 2008 WL

2120983 (Tax Ct. May 20, 2008) (granting innocent spouse joint tax liability relief to

stay-at-home mom due to husband's actions); *Clarke-Lewis v. C.I.R.*, T.C. Summ. Op. 2008-14,

---

[3] Section 6015(b) provides procedures for relief from liability applicable to all joint filers as follows:

(1) In general.-Under procedures prescribed by the Secretary, if-

    (A) a joint return has been made for a taxable year;

    (B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;

    (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

    (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

    (E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election,

    then the other individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement.

26 U.S.C. § 6015(b)(1).

2008 WL 360715 (Tax Ct. Feb. 11, 2008 )(denying relief due to spouse's written agreement to assume the joint tax liability).

Under New York law, taxpayers who file joint returns are jointly and severally liable for the taxes owed. *See* N.Y. TAX LAW § 651 (McKinney 1999). Either spouse may seek to employ the exceptions and limitations to this joint and several liability available under IRC Section 6015. *See* N.Y. TAX LAW § 654 (McKinney 1999)(making provisions of IRC § 6015 applicable for jointly filed state income tax returns). Other states haves similar provisions. *See, e.g., In re James*, 308 B.R. 569, 570-72 (Bankr. S.D. Ala. 2002)(applying Alabama tax code, which paralleled IRC, and denying innocent spouse relief to a debtor claiming she did not contribute income to the jointly filed return assessing tax liability).

Under the Bankruptcy Code, because spouses have joint and several liability for the taxes due under joint returns, neither spouse has an allowable claim for subrogation against the other for taxes paid, but may assert a contribution claim for one-half of the sum paid to the taxing authorities. *See* 11 U.S.C. §§ 502, 509; *see also In re Schuler*, 354 B.R. 37, 41-42 (Bankr. W.D.N.Y. 2006)(discussing theories of subrogation and contribution under the Bankruptcy Code and New York law). The *Schuler* court addressed these issues with respect to a deceased debtor's wife who sought reimbursement from the debtor's estate for the full amount she paid toward the couple's joint tax liability. *In re Schuler*, 354 B.R. at 41. The court found that the debtor's wife should have asserted her innocent spouse defense to the taxing authorities prior to paying the obligation in full, and stated that the court "must apply the outcome [she] accepted in her dealings with the Internal Revenue Service." *Id.* The court further found the debtor's wife had no right to subrogation and could only recover one-half of the taxes she paid as a claim against the debtor's estate. *Id.* at 41-42.

Under the IRC, spouses filing joint returns share the burden of the tax liability, regardless of who generates the taxable income.  Moreover, spouses may file jointly "even though one of the spouses has neither gross income nor deductions." IRC § 6013(a).   Federal tax law provides a mechanism for one spouse to reduce or eliminate their joint and several tax liability under established IRC law and procedures. New York tax law mirrors federal tax law on these issues. Federal bankruptcy law provides that neither spouse can assert a subrogation claim against the other in a bankruptcy case for any paid taxes, but one spouse can assert a contribution claim for one-half of the sum that has been paid to the taxing authorities.  Given these principles, it seems entirely consistent for spouses who file joint returns to share equally in any tax refund return, regardless of who earned how much of the taxable income, and regardless of who generated the claimed deductions.  Thus, any tax refund presumptively belongs to the spouses equally.  This outcome is consistent with Section 541(a) of the Bankruptcy Code, Sections 6013 and 6015 of the IRC, and Section 236 of New York Domestic Relations Law.  However, the Trustee may rebut this presumption if, had the taxes not been paid, the non-debtor spouse could have limited or avoided liability under the innocent spouse exception to the tax liability under Section 6015(b) of the IRC, or could have qualified for limited liability under Section 6015(c) for taxpayers no longer married or taxpayers legally separated or not living together.

## Conclusion

This case presented an issue of first impression in this district, and this Court's analysis is also one of first impression.  This Court recognizes the briefing and submissions of the parties addressed the 50/50 Rule and whether it should be adopted by this Court.  Therefore, the parties should be afforded the opportunity to submit any further submissions on whether the Debtor or Ms. Spina could have avoided or reduced liability for the taxes owed on the 2008 tax returns at

issue, if those taxes had not been paid.  Any supplemental submissions shall be due twenty (20)

days from entry of this opinion.  Absent further briefing, this Court will enter an order directing

Debtor to turn $1,568.00 over to the Trustee.



**Dated: September 24, 2009**
        **Central Islip, New York**

_____
        **Alan S. Trust**
  **United States Bankruptcy Judge**